### ADAMS v. TOWN OF WHEATFIELD.

(Supreme Court, Appellate Division, Fourth Department. December 29, 1899.)

1. COUNTY BOARD—AUDITING CLAIMS—ASSESSMENT ROLL.

Under the statute requiring the board of supervisors to include in the assessment roll such claims as are allowed by them, the inclusion of a claim in such roll constitutes an audit thereof, though it was included without investigation, and while an appeal was pending from its allowance by a town board.

2. SAME—ESTOPPEL.

Where an appeal from the audit of plaintiff's claim by a board of supervisors was referred to a committee, and plaintiff appeared before the committee at the time of its action thereon, on the return of a report disallowing the claim it was too late to object that the matter was not properly before the committee.

8. SAME—REAUDITING.

Where a board of supervisors referred a claim which they were required to audit to a committee, but afterwards audited the claim themselves, without investigation, by directing it to be included on the assessment roll, the adoption of the committee's report disallowing the claim was a valid reaudit, though such adoption was made without investigation, and without the evidence before the committee.

4. REMEDY—CERTIORARI.

Where plaintiff contends that the action of a board of supervisors disallowing his claim as constable on the ground that he was not legally appointed was illegal, as collaterally determining his right to the office, his remedy is by certiorari, and not by action.

McLennan, J., dissenting.

Appeal from judgment on report of referee.

Action by James Adams against the town of Wheatfield for moneys collected under a tax levied to pay plaintiff's claim against the town. From a judgment on a referee's report dismissing plaintiff's complaint, he appeals. Affirmed.

The plaintiff acted as constable of the defendant from June, 1896, to April 13, 1897. From February 24, 1897, to April 13th of the same year, he rendered and performed services as constable in criminal cases of the value, as claimed by him, of $394.50, according to the fees and compensation as fixed by law. This account was audited by the town board of the defendant at the sum of $340.50, and a certificate of said audit was filed with the town clerk and the defendant's supervisor upon October 9, 1897. Within 15 days thereafter, as provided by section 163 of the town law, two taxpayers duly filed a notice of appeal from said audit and allowance to the board of supervisors of the county. Upon November 23, 1897, a resolution was passed by the board of supervisors authorizing the committee on constables' accounts to investigate the claims of the plaintiff and one Loveland for fees and services as constables. Upon December 22d the board directed the assessment roll to be made up, and included therein as a charge against the town of Wheatfield this claim of the plaintiff as audited by the town board. Upon January 20, 1898, the committee on constables' accounts reported to the board that the accounts of the plaintiff be disallowed, for the reason that he was not legally appointed constable, and upon the further ground of fraud. This report was by the board upon that day adopted. Upon January 25th the committee made a further report, itemizing the accounts of the plaintiff, and in and by which report all accounts of said Adams are stated as being disallowed. This report of the committee was by the board adopted. The moneys were collected by the collector under the tax levy, which, however, he refused to pay over, and this action is brought against the defendant town for these moneys.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

Richard Crowley, for appellant.

A. J. Premus, for respondent.

SMITH, J. Upon the appeal by the taxpayers from the audit of plaintiff's claim by the town board, the supervisors were required to audit anew his account. The statute provides that "such part of said accounts as the board of supervisors shall allow shall be as-

sessed and collected the same as other town charges." The appellant maintains that the act of the board upon the.22d of December, in directing that this account be included in the tax roll, constituted an audit of the claim. The claim of the defendant, however, is: First, that to include this item in the tax roll did not constitute an audit of the claim; secondly, if this may be deemed to constitute an audit of the claim, the board has reconsidered and rescinded the same by the adoption of the report of the committee upon January 20th, which report provided for the disallowance of this claim. We think that the account was audited when it was included in the tax roll. The board was only authorized, under the statute, to include in that tax roll such part of that account as it allowed. That audit was made without investigation, and was an irregular audit. Until corrected, however, it was a binding audit. Upon November 23d the accounts of the plaintiff were sent to a committee for investigation. Upon January 20th that committee reported to disallow this account for which this action is brought. It is true that no formal resolution was passed rescinding the audit of December 22d. The adoption, however, of the report of the committee that this account be disallowed, of itself, operated as a rescission of that audit of December 22d by the board, and as a reaudit and disallowance of the plaintiff's claim. After such disallowance the collector, although the moneys had been raised therefor, had no authority to pay the same to the plaintiff, and the plaintiff has no cause of action against the town therefor.

It is contended by the appellant, first, that, after the appeal taken by the taxpayers from the audit by the town board of the plaintiff's account, the town clerk did not transmit the account to the board of supervisors, to be audited and allowed by them, until December 6th; that the resolution sending to the committee on constables' accounts the accounts of the plaintiff for investigation was passed upon November 23d; that this account, therefore, was not before the committee, and they had no power to act thereupon. That this account was investigated by that committee is not disputed. That the plaintiff and his attorney appeared before the committee upon that investigation is not questioned. The plaintiff has acquiesced in the consideration by this committee of this account. After the report disallowing the account, the objection comes too late that it was not properly before them for consideration.

It is further insisted by the appellant that the mere adoption by the board of supervisors of the report of a committee does not constitute an audit or disallowance of the plaintiff's claim. That it was understood to be such an audit and disallowance by the supervisors themselves, we have no doubt. Their intention is the ultimate fact to be ascertained. That this was a legal expression of their intention would seem evident, both upon principle and authority. In People v. Gallup, 12 Abb. N. C. 74, it is held that legislation may be in the form of a resolution reported by a committee, and adopted by a vote of the board in passing upon the report. We are satisfied that the board has expressed effectually its intention to reaudit and disallow the plaintiff's account.

The appellant further urges that, after having once audited this account, the board is without power to reconsider its action and reaudit the same. This objection would seem to be answered by the authority of People v. Board of Sup'rs of Broome Co., 65 N. Y. 222. . It is there held that "a board of supervisors has power to rescind a resolution auditing and allowing a claim against the county, upon discovery of mistake or error."

It is again objected by the appellant that the adoption of the report of this committee was illegal as a reaudit, because the evidence taken before the committee was not before the board, and that it could not, therefore, legally act upon the report of the committee. Whether or not this action of the board constituted a lawful audit and disallowance of the plaintiff's claim, it operated as a rescission of its action in allowing the claim theretofore. The reaudit was just as regular and just as valid as was the original audit when this account was included in the tax roll. It was so included, without investigation or examination, while an appeal was pending. We have held that it nevertheless constituted an audit, until it was corrected, either by the order of the court, or voluntarily. By the same reasoning, the final action of the board in adopting the report of this committee constitutes a reaudit and disallowance of this claim. If the reaudit is irregular, it can be corrected by a writ of mandamus to compel them properly to reaudit the claim.

It is once more urged that, if this can be held to be a reaudit, it is illegal, as a trial of the title to an office collaterally. But the learned referee has pointed out that the correction of such an error is through certiorari, and not by action. These views render unnecessary a discussion of the other questions raised by counsel, and lead to an affirmance of the judgment entered upon the report of the referee.

Judgment affirmed, with costs. All concur, except McLENNAN, J., who dissents.